**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

|  |  |
|---|---|
| **ALESSANDRO PIROZZI, PIROZZI ENTERPRISES, LLC, dba SALERNO, and CHEF ALESSANDRO PIROZZI, INC., dba ALESSA,**<br><br>Plaintiffs,<br><br>v.<br><br>**FISERV CORPORATION and CARDCONNECT, LLC,**<br><br>Defendants. | **Case No.: SACV 21-02130-CJC(ADSx)**<br><br><br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER ACTION TO THE EASTERN DISTRICT OF NEW YORK [Dkt. 9]** |

## I.  INTRODUCTION

On November 22, 2021, Plaintiffs Alessandro Pirozzi (Pirozzi), Pirozzi Enterprises, LLC, and Chef Alessandro Pirozzi, Inc. filed this action against Defendants Fiserv Corporation and CardConnect, LLC.  (Dkt. 1-1 [Complaint, hereafter "Compl."].)  Plaintiffs bring causes of action for fraud, breach of contract, accounting, breach of fiduciary duty, conversion, negligence, money had and received, violation of California's Unfair Competition Law ("UCL"), and violation of California Penal Code § 496.  (*Id.*)  Citing a forum selection clause in an agreement between CardConnect and Pirozzi Enterprises, LLC which Pirozzi signed, Defendants move to transfer the action to the Eastern District of New York.  (Dkt. 9 [Motion to Dismiss or in the Alternative Transfer, hereafter "Mot."].)  For the following reasons, Defendants' motion is **GRANTED**.[1]

## II.  BACKGROUND

Pirozzi operates two restaurants in Orange County: Salerno Ristorante and Alessa by Chef Pirozzi.  (Compl. ¶ 7.)  Plaintiff alleges that "on or about 2020, Plaintiffs entered into a contractual arrangement with Defendant FISERV…and Defendant CARDCONNECT, a wholly owned subsidiary of FISERV[.]"  (*Id.* ¶ 8.)  The agreement itself, which Defendants submit in support of their motion, reflects that on November 2, 2020, Pirozzi, acting on behalf of Pirozzi Enterprises, LLC, signed an agreement with CardConnect, LLC (the "Agreement").  (Dkt. 9-3 [Agreement].)[2]

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for March 7, 2022, at 1:30 p.m. is hereby vacated and off calendar.

[2]  The Court takes notice of the Agreement under the doctrine of incorporation by reference.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Neither Defendant Fiserv nor Plaintiff Chef Alessandro Pirozzi, Inc. are mentioned in the Agreement.  (*See id*.)

The Agreement contained a forum selection clause stating "[w]e have substantial facilities in the State of New York and many of the services provided under this Agreement are provided from these facilities.  The exclusive venue for any actions or claims arising under or related to this Agreement shall be in the appropriate state or federal court located in Suffolk County, New York."  (*Id*. § 44.2.)  According to Plaintiffs, "Defendant CARDCONNECT, by and through FISERV, provided the point-of-sale technology to Plaintiffs and was responsible, along with Defendant FISERV, for the accurate charging of clientele of Plaintiffs' establishments and for the accurate transfer of all credit point of sales to the bank accounts belonging to Plaintiffs, as established in written contracts between the parties."  (Compl. ¶ 9.)  However, Plaintiffs allege that starting on August 1, 2021, Defendants "negligently and/or intentionally failed to handle the point-of-sale transactions" of Pirozzi's two restaurants "in a secure and professional manner[.]"  (*Id*. ¶ 11.)  Rather, Plaintiffs allege that Defendants "converted hundreds of thousands of dollars of receipts belonging to Plaintiffs into their own or other conspirators' possession and have refused to abide by the terms of the [Agreement]."  (*Id*.)  Apparently, someone other than Pirozzi had changed the bank account on file with CardConnect, such that Pirozzi's restaurants' earnings were being routed to a bank account that he did not own.  (*Id*. ¶¶ 12-14.)

\\
\\
\\
\\
\\
\\

1

2

### III.  LEGAL STANDARD

3

4        Defendants move to transfer Plaintiffs' case to the Eastern District of New York

5   based on the Agreement's forum-selection clause.[3]  (Mot. at 14-20.)  Forum selection

6   clauses can be enforced through motions made under 28 U.S.C. section 1404(a).  *Atl.*

7   *Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59-60 (2013).

8   Under section 1404(a), a district court may transfer an action for "the convenience of the

9   parties and witnesses" and "in the interest of justice" support moving the case to a state or

10  foreign forum.  28 U.S.C. § 1404(a).

11        In the typical case not involving a forum-selection clause, a district court

12  considering a section 1404(a) motion must evaluate both the private interests of the

13  parties, such as convenience and costs, and "various public-interest considerations."  *Atl.*

14  *Marine*, 571 U.S. at 62.  The court must determine whether "a transfer would serve 'the

15  convenience of parties and witnesses' and otherwise promote 'the interest of justice.'"

16  *Id.* at 63.  "The calculus changes, however, when the parties' contract contains a valid

17  forum-selection clause, which represents the parties' agreement as to the most proper

18  forum."  *Id.*  "For that reason, and because the overarching consideration . . . is whether a

19  transfer would promote 'the interest of justice,' a valid forum-selection clause [should be]

20  given controlling weight in all but the most exceptional cases."  *Id.*

21

22        The presence of a valid forum-selection clause therefore requires district courts to

23  adjust the usual section 1404(a) analysis in several ways.  *Id.*  "First, the plaintiff's choice

24  of forum merits no weight," and "the plaintiff bears the burden of establishing that

25  transfer to the forum for which the parties bargained is unwarranted."  *Id.*  Also, courts

26

27  _____

28  [3] Defendants also move to dismiss Plaintiffs' claims.  (Mot. at 2-14.)  The Court need not address
    Defendants' motion to dismiss as it finds this case should have been filed in the Eastern District of New
    York pursuant to the Agreement.

must conclude that all the "private interest" factors "weigh[] 'entirely in favor of the preselected forum.'"  *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087-88 (9th Cir. 2018) (quoting *Atl. Marine*, 571 U.S. at 64, 62 n.6).  Courts may consider public interest factors, but such factors will rarely defeat a motion to transfer in the face of a valid, applicable forum-selection clause.  *Id*. at 1088 (quoting *Atl. Marine*, 571 U.S. at 64, 62 n.6).  Also, the party opposing transfer bears the burden to demonstrate why the court should not transfer the case to the forum described in the forum-selection clause.  *Id*. (quoting *Atl. Marine*, 571 U.S. at 63–64).  The practical result is that a forum-selection clause should control except in "unusual cases."  *Id*. at 1088 (quoting *Atl. Marine*, 571 U.S. at 64).

### A.      Applicability of Forum Selection Clause

Neither Fiserv nor Chef Alessandro Pirozzi, Inc. are signatories to the Agreement containing the forum selection clause.  Thus, there is a threshold issue to address: can Fiserv enforce the forum selection clause and can the forum selection clause be enforced against Chef Alessandro Pirozzi, Inc.?  The Court concludes the answer to both questions is yes.  Forum selection clauses can be enforced by or against a non-signatory under certain circumstances.  A non-signatory defendant may enforce a forum selection clause when "the alleged conduct of the [non-signatory defendant] is closely related to the contractual relationship."  *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir. 1988).  That is the case here with respect to Fiserv.  The only way that Fiserv came into possession of Pirozzi's restaurant's proceeds and thereafter allegedly mishandled such proceeds is through the relationship established by the Agreement.  Plaintiffs allege that CardConnect and Fiserv were jointly responsible for the "accurate transfer of all credit point of sales to the bank accounts belonging to Plaintiffs, *as established in written contracts between the parties*[.]"  (Compl. ¶ 9 [emphasis added].) Indeed, Plaintiffs raise their breach of contract claim against *both* Fiserv and

CardConnect.  *See Twelve Sixty LLC v. Extreme Music Libr. Ltd.*, 2017 WL 3075471, at *1 (C.D. Cal. Feb. 22, 2017) (allowing non-signatory defendant to enforce forum selection clause because "although Defendants are not signatories to the Contract, they are identified in it and are *sued for its breach*") (emphasis added).  For these reasons, the Court finds that Fiserv's conduct "is closely related to the contractual relationship" established by the Agreement.

A forum selection clause can also be enforced against a non-signatory plaintiff, like Chef Alessandro Pirozzi, LLC, when the non-signatory plaintiff "knowingly exploits the agreement containing the clause[,]" such as when the non-signatory plaintiff "seeks to enforce terms of the contract [] [or] asserts claims that must be determined by reference to th[e] contract[.]"  *Walters v. Famous Transports, Inc.*, 488 F.Supp.3d 930, 937 (N.D. Cal. 2020) (internal quotations and citation omitted).  Chef Alessandro Pirozzi, LLC does just that: it raises a breach of contract claim based on the Agreement.  (Compl. ¶¶ 46-51.)  If Chef Alessandro Pirozzi, LLC seeks to benefit from the Agreement, it is estopped from eschewing the Agreement's obligations, including the forum selection clause.

Plaintiffs argue that the forum selection clause does not apply to their tort claims.  (Dkt. 12 [Plaintiffs' Opposition] at 21-22.)  The Court disagrees.  In *Manetti-Farrow*, the Ninth Circuit explained "forum selection clauses can be equally applicable to contractual and tort causes of action."  858 F.2d at 514.  The Ninth Circuit found that the plaintiff's tort claims were subject to the forum selection clause at issue in that case because the "claims relate[d] in some way to the rights and duties enumerated in the [contract]."  *Id.*; *see also Manila Industries, Inc. v. Ondova Ltd. Co.*, 334 Fed. Appx. 821, 823 (9th Cir. 2009) (finding plaintiff's tort claims subject to forum selection clause because the claims "relate[d] in some way to the rights and duties enumerated in the [contract]").  Further, the language of the forum selection clause at issue in this case is broad, covering "any actions or claims arising under or related to th[e] Agreement[.]"  (*See* Agreement § 44.2.)

Plaintiff's tort claims relate to the Agreement.  Indeed, many are directly grounded in the Agreement.  The fraud claim, as pled, appears to be predicated on allegedly false promises made in the Agreement.  (Compl. ¶¶ 40, 43.)  The breach of fiduciary duty is likewise predicated on the Agreement: no fiduciary relationship would exist absent the relationship created by the Agreement.  (Compl. ¶ 9.)  Plaintiffs' claims for conversion, negligence, and violation of California Penal Code section 496 appear to be duplicative of the breach of contract claim.  The alleged conversion is Defendants' purported failure to transfer receipts to Plaintiffs, an obligation arising under the Agreement.  (*Compare* Compl. ¶ 48, *with id*. ¶ 66.)  The same can be said with respect to Plaintiffs' claim under Penal Code section 496.  (*Compare* Compl. ¶ 50, *with* Compl. ¶¶ 91, 92.)  Plaintiffs' negligence claim is similarly duplicative of their breach of contract claim: the alleged negligent conduct in this action would also constitute a breach of the obligations created by the Agreement.  Plaintiffs' claims for accounting and money had and received also relate to the Agreement: Defendants could not have come into possession of Plaintiffs' money but for the Agreement pursuant to which CardConnect agreed to handle the credit sales at Pirozzi's restaurants.[4]

**B.**  **Validity of Forum Selection Clause**

Forum selection clauses are considered prima facie valid.  *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 589 (1991); *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972).  The party claiming the clause is invalid or unenforceable due to unfairness bears a heavy burden of proof.  *Carnival Cruise Lines*, 499 U.S. at 592.  There are three reasons a forum selection clause may be unenforceable: (1) "if the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical

---

[4] The Court will not perform a separate analysis of Plaintiffs' UCL claim, which is predicated on their other claims.

purposes be deprived of its day in court,"; and (3) "if enforcement would contravene a strong public policy of the forum in which suit is brought."  *Bremen*, 407 U.S. at 12-13; *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996).  The Court agrees with Defendants that none of these reasons exist here and Plaintiffs do not argue otherwise.  Pirozzi does not argue that he was not given the opportunity to read the Agreement before signing it and the Court finds that the Agreement is clear and intelligible wherein the forum selection clause is placed under a separate heading titled "Choice of Law; Venue; Waiver of Jury Trial."  *See Sarmiento v. BMG Entertainment*, 326 F. Supp. 2d 1108, 1110 (C.D. Cal. 2003) ("The opportunity to read a clearly identified and intelligible forum selection clause before accepting the contract provides sufficient notice to plaintiff.").  The Court further notes that this is a commercial contract, signed by a successful restauranteur on behalf of a business entity.  The Court is wary of upsetting an agreement between commercial parties.  Plaintiffs have failed to present any argument that they would essentially be deprived of their day in court if they were made to litigate in New York.  And Plaintiffs have not argued that California has a strong policy against enforcing forum selection clauses contained in commercial agreements between business entities.[5]

## C.    *Forum Non Conveniens*

As explained above, because of the forum selection clause, the Court must consider only the public-interest factors of the 28 U.S.C. section 1404(a) analysis, which include "(1) local interest in the lawsuit; (2) the court's familiarity with the governing law; (3) the burden on local courts and juries; (4) congestion in the court; and (5) the

---

[5] In their opposition, Plaintiffs argue that the Agreement is "unsigned" and inadmissible.  (Dkt. 12 [Plaintiffs' Opposition] at 15.)  The Court can consider the Agreement under the doctrine of incorporation by reference.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  The Court further notes that the Agreement bears Pirozzi's electronic signature, which is a valid signature.  (*See* Agreement at 3.)

costs of resolving a dispute unrelated to a particular forum." *Glob. Quality Foods, Inc. v. Van Hoekelen Greenhouses, Inc.*, 2016 WL 4259126, at *3 (N.D. Cal. Aug. 12, 2016) (citing *Boston Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1211 (9th Cir. 2009)). The party acting in violation of the forum-selection clause must establish that the "public-interest factors overwhelmingly disfavor" the agreed-on forum reflected in the forum selection clause. *Atl. Marine*, 571 U.S. at 67.

Plaintiffs fail to present any argument on any of the public interest factors. The Court sees no reason why these factors would overwhelmingly disfavor transfer. The Court notes a few findings supporting its conclusion. The second factor—familiarity with the governing law—weighs in favor of transfer. The Agreement states "[o]ur Agreement shall be governed by and construed in accordance with the laws of the State of New York[.]" (Agreement § 44.1.) The third and fourth factors—court congestion and the burden on courts and juries—are neutral because neither party has provided information about the relative congestion in this district and the Eastern District of New York. The final factor—the costs of resolving a dispute unrelated to the forum—is neutral. While Pirozzi operates his restaurants in this district and the credit purchases at those restaurants occur in this district, Defendants operate globally and provide technology for the electronic exchange of money. (*See* Compl. ¶ 8.) Plaintiffs' money was allegedly misappropriated after the money passed from Plaintiffs' customers in California to Defendants. Where that money was sent after it was misappropriated—if an electronic transaction can have a location—is anybody's guess. In addition, Plaintiffs allege that they were subject to a scam. (*See e.g.*, Compl. ¶ 22.) Whoever ran the alleged scam could have been located anywhere, even a foreign country.

## V.  CONCLUSION

For the foregoing reasons, the motion to transfer is **GRANTED**.  The Court **ORDERS** this action transferred to the Eastern District of New York.

DATED: February 16, 2022

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE