

401 Commerce Street, Suite 900, Nashville, TN 37219 · (615) 259-1510

**April 28, 2022**

Judge Diane Gujarati
Eastern District Court of New York
225 Cadman Plaza East
Brooklyn, NY 11201

John W. Peterson
Shareholder
615.259.1523
615.523.1781 Fax
john.peterson@polsinelli.com

Re: **Chef Alessandro Pirozzi, Inc. ("Pirozzi") and Pirozzi Enterprises, LLC v. CardConnect, LLC and Fiserv, Inc. (Case No. 2:22-cv-00902-DG-AYS)**

Dear Judge Gujarati,

I write pursuant to Individual Rule No. III.A to request a pre-motion conference on Defendants' forthcoming motion to dismiss.

On November 2, 2020, Pirozzi entered into an Agreement with CardConnect to accept payment cards from its customers. (Am. Compl. ¶ 14.) Plaintiffs complain that beginning in August of 2021, Pirozzi stopped receiving deposits. (*Id.* ¶ 23.) The Amended Complaint asserts fourteen causes of action on behalf of Pirozzi and Pirozzi Enterprises (whose funds are not at issue)[1] against CardConnect and Fiserv (who is not a party to the Agreement).[2] Despite this "kitchen sink" approach, Pirozzi's claims could only truly sound in contract. But even its breach-of-contract claim must be dismissed because the Agreement required Pirozzi to protect its account information to avoid the outcome alleged here – a fraudster using Pirozzi's information to redirect Pirozzi's deposits to the fraudster's account. (Agmt. §§ 5, 7, 23.6, 35.2, 39.6.)

**I.  Pirozzi's Breach-of-Contract Claim Fails**

Pirozzi cannot colorably allege performance or breach. *See El-Nahal v. FA Mgmt., Inc.*, 5 N.Y.S.3d 201, 202 (2015). Pirozzi complains CardConnect failed to forward daily sales proceeds[3] and to implement proper security measures. But the Agreement expressly requires *Pirozzi* to secure its own account information. (*E.g.*, Agmt. §§ 39.6 ("You will use commercially reasonable efforts to maintain the security of Your Systems"); 5; 7; 23.6; 35.2.) Pirozzi admits it failed to do so.

Pirozzi admits its bank account information was changed by some third party, who "would need to provide particular security information." (Am. Compl. ¶¶ 17, 29.) Accordingly, Pirozzi's failure to protect its security information permitted an unauthorized third party to change Pirozzi's account information. After the first unauthorized change, Pirozzi was on notice its information was compromised. Yet Pirozzi does not allege it did anything to change its "security information" or otherwise prevent the third-party fraudster from effectuating further changes. (*See generally id.*)

**II.  Counts Duplicative of and Barred by the Contract**

The bailment, fraud, conversion, breach of fiduciary duty[4], negligence, promissory

---

[1] Plaintiffs attempt to shoehorn in claims by Pirozzi Enterprises on the basis that it *voluntarily* transferred funds to Pirozzi. (Am. Compl. ¶ 55.) Even if this constitutes damage, the Complaint fails to plead the necessary elements of any of Pirozzi Enterprises' claims. (Count II (fails to explain what obligation Defendants breached as to Pirozzi Enterprises); Count VII (same); Count XII (*see infra* Section VII).)

[2] Because each of Plaintiffs' claims necessarily arise out of the Agreement, Fiserv, as a non-party, cannot be liable for the alleged conduct.

[3] Notably, these proceeds are subject to offset for amounts owed (Agmt. §§ 23.2, 23.3) and can be held in reserve to mitigate risk (*id.* § 31.)

[4] Further, a processor is not a fiduciary of a merchant. *See also Taylor Bldg. Mgmt., Inc. v. Glob. Payments Direct, Inc.,* 866 N.Y.S.2d 96 (Sup. Ct. 2008).

estoppel, and unjust enrichment claims must be dismissed as duplicative of the breach-of-contract claim. *Vanguard Graphics LLC v. Total Press Sales & Serv., LLC*, No. 3:18-CV-55, 2020 WL 6059872, at *8 (N.D.N.Y. Oct. 13, 2020) (bailment); *Torok v. Moore's Flatwork & Founds., LLC*, 966 N.Y.S.2d 572, 574 (N.Y. App. Div. 2013) (fraudulent misrepresentation); *Benex LC v. First Data Merch. Servs. Corp.*, No. 14-CV-6393, 2016 WL 1069657, at *5 (E.D.N.Y. Mar. 16, 2016) (conversion); *Morgenroth v. Toll Bros.*, 876 N.Y.S.2d 378, 380 (N.Y. App. Div. 2009) (fiduciary duty must be "independent of the contract itself."); *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 389 (1987) (breach of contract is not a tort "unless a legal duty independent of the contract itself has been violated."); *Hoeffner v. Orrick, Herrington & Sutcliffe LLP*, 878 N.Y.S.2d 717, 719 (2009) (promissory estoppel); *Benex LC v*, 2016 WL 1069657, at *6 (unjust enrichment).

In fact, the District Court of California already held, "Plaintiff's tort claims relate to the Agreement. Indeed, many are directly grounded in the Agreement." (ECF No. 14 at 7 (interpreting the Original Complaint).) Additionally, the existence of the contract bars a claim for money had and received, which only arises in the absence of an agreement, *Marte v. Graber*, 924 N.Y.S.2d 720, 721 (App. Term 2011), and the rescission claim is directly contrary to the breach-of-contract claim because "[t]he effect of rescission is to declare the contract void from its inception." *Cty. of Orange v. Grier*, 817 N.Y.S.2d 146, 147 (2006).[5]

### III. Beyond Being Duplicative, the Remaining Claims Also Fail as a Matter of Law
#### A. Breach of Contract/Promissory Estoppel Based on Online Notices

First, Plaintiffs failed to plead consideration and mutual assent as required to show formation of a contract based on the policies. *Cmty. Care Physicians, P.C. v. Domagalski*, No. CV–613–15/CO, 2016 WL 1735501 (N.Y. City Ct. 2016). Second, promissory estoppel does not apply because Plaintiffs did not rely on them to their detriment. Despite Plaintiffs' conclusory allegation of reliance, they make no allegation they were ever aware of the policies prior to filing their Amended Complaint. In fact, Plaintiffs' Original Complaint makes no mention of them. (*See* Compl.) Regardless, the Agreement expressly "supersedes any previous agreements and understandings." (Agmt. § 45.6.)

#### B. Fraud/Fraudulent Inducement

Plaintiffs allege Defendants: (1) misrepresented their security procedures; (2) provided contradictory reasons for the missing funds; and (3) advised Pirozzi the funds would be returned. (Am. Compl. ¶ 94.) In addition to the Agreement speaking directly to CardConnect's duties, Plaintiffs have failed to plead the alleged misrepresentations about Defendants' security procedures with the requisite particularity. (*See* Am. Compl. ¶¶ 16, 20.)[6] Second, Plaintiffs cannot claim reliance on the other alleged misrepresentations because Plaintiffs allege Defendants made these representations *after* execution of the Agreement.

#### C. Negligence

There is no common law duty for processing credit cards and Plaintiffs have failed to allege any duty Defendants purportedly owed. Instead, Plaintiffs confuse: (1) foreseeability with duty; (2) proximate cause with duty; (3) public policy with duty; and (4) insurability with duty. (Am.

---

[5] Even so, the asserted bases for rescission are insufficient. *Burke v. Steinmann*, No. 03 CIV. 1390 (GEL), 2004 WL 1117891, at *9 (S.D.N.Y. May 18, 2004) (frustration of purpose only applies when an unforeseen event "destroys" the reasons for the contract); *Jacobs Priv. Equity, LLC v. 450 Park LLC*, 803 N.Y.S.2d 14, 15 (2005) (breach must substantially defeat the contract's purpose); *see generally Am. Compl.* (failing to allege with particularity any misrepresentations made *prior to* entering into the Agreement).

[6] In addition, Plaintiffs contradict their own reliance by alleging "Defendants have a well-known history of . . . fail[ing] to adequately safeguard the information." (Am. Compl. ¶ 59.)

Compl. ¶¶ 121-125.) In addition, the negligence claim is barred by the economic loss doctrine. *Labajo v. Best Buy Stores*, 478 F. Supp. 2d 523, 532 (S.D.N.Y. 2007).

    **D.**    **Indemnification**

The indemnification claim fails because the provision does not apply to intra-party claims.[7] *See Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 548 N.E.2d 903, 905 (1989). Regardless, the Agreement limits CardConnect's obligation to indemnify Pirozzi, Inc. to situations of "gross negligence or willful misconduct." (Agmt. § 33.2) As explained above, Plaintiffs have failed to plead negligence – let alone gross negligence or willful misconduct.

    **E.**    **Aiding and Abetting the Commission of a Tort**

Plaintiffs' aiding and abetting claim must be dismissed for failure to plead Defendants' knowledge of the fraud. *Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co.*, 883 N.Y.S.2d 486, 489 (1st Dept. 2009).

**III.**    **The Agreement and Law Significantly Limit Plaintiffs' Purported Damages**

At a minimum, the Court should significantly limit Plaintiffs' recoverable damages because: (1) the Agreement expressly disclaims consequential, incidental, reliance, or punitive damages (Agmt. § 27.3); (2) Plaintiffs have failed to cite a statute or contractual provision entitling them to attorneys' fees; and (3) the Agreement limits Plaintiffs' damages to (at most) $50,000.00 (*id.* § 27.4). *See Metro. Life Ins. Co. v. Noble Lowndes Int'l, Inc.*, 84 N.Y.2d 430, 436 (1994).

Plaintiffs' attempts to avoid these provisions fail. First, Plaintiffs claim CardConnect waived the provisions by stating the funds would be returned. (Am. Compl. ¶ 153.) But modification only occurs through "*written* notice" (Agmt. § 45.7 (emphasis added)), and waiver must be "voluntary and intentional" and is "not created by negligence, oversight, or thoughtlessness, and cannot be inferred from mere silence." *Golfo v. Kycia Assocs., Inc.*, 845 N.Y.S.2d 122, 124 (2007). Second, Plaintiffs contend the provisions are unenforceable due to "uncured material breaches, fraudulent inducement, fraudulent performance, failure of consideration, commercial impracticability, and frustration of purpose." (Am. Compl. ¶ 154.) This legal conclusion laundry list, without support, does not satisfy the federal pleading standards. *Bell v. Twombly*, 550 U.S. 554, 557 (2007) (claims cannot survive if based upon "naked assertion[s] devoid of further factual enhancement."). Third, Plaintiffs argue Section 27.4 is against public policy because it exempts grossly negligent and intentional conduct. But "[g]ross negligence, when invoked to pierce a contractual limitation of liability, must smack of intentional wrongdoing." *Abacus Fed. Sav. Bank v. ADT Sec. Servs., Inc.*, 908 N.Y.S.2d 654, 656 (2010). Here, Plaintiffs cannot plead negligence and do not allege conduct sufficient to rise to the level of "intentional wrongdoing." Fourth, Plaintiffs contend the provisions are unenforceable because they do not express an intention to disclaim negligent acts. But Section 27.3 expressly refers to "any theory or tort" and Section 27.4 states "regardless of the form of action or legal theory." Finally, Plaintiff claims Section 27.4 does not apply to Fiserv. (Am. Compl. ¶ 157.) Significantly, the Central District of California has already applied provisions of the Agreement to Fiserv, which is clearly a third-party beneficiary. (ECF No. 14 at 7.)

                                                                   Sincerely,

                                                                   */s/ John W. Peterson*

                                                                   John W. Peterson

---

[7] Should it apply, *Pirozzi* must indemnify Defendants under Section 33.1 for failing to protect its information.