**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHEF ALESSANDRO PIROZZI, INC. and PIROZZI ENTERPRISES, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CARDCONNECT, LLC and FISERV, INC.<br><br>*Defendants* | No. 2:22-cv-00902-DG-SIL |

**DEFENDANTS CARDCONNECT, LLC'S AND FISERV, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

# TABLE OF CONTENTS

I. Plaintiffs Have Failed to State A Claim Against Fiserv. ........................................................... 1

II. Pirozzi Enterprises Cannot State a Claim. ................................................................................. 2

III. Plaintiffs Fail to State a Claim. .................................................................................................. 2

    A. Breach of Contract .............................................................................................................. 3

    B. Breach of Contract / Promissory Estoppel - Privacy Policies............................................. 4

    C. Bailment .............................................................................................................................. 4

    D. Conversion .......................................................................................................................... 5

    E. Fraud ................................................................................................................................... 5

    F. Breach of Fiduciary Duty.................................................................................................... 6

    G. Indemnification .................................................................................................................. 6

    H. Negligence .......................................................................................................................... 7

    I. Promissory Estoppel ........................................................................................................... 8

    J. Money Had and Received .................................................................................................. 8

    K. Recission ............................................................................................................................ 8

    L. Unjust Enrichment ............................................................................................................. 9

    M. Aiding and Abetting........................................................................................................... 9

    N. Declaratory Relief (Limitation of Liability) ...................................................................... 9

IV. CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Adams v. Labaton, Sucharow & Rudoff LLP*,
   2009 WL 928143 (S.D.N.Y. Mar. 20, 2009) ...........................................................................1

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................................4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................................4

*Bessemer Sys. Fed. Credit Union v. Fiserv Sols., LLC*,
   472 F. Supp. 3d 142 (W.D. Pa. 2020) ......................................................................................7

*Bibicheff v. Chase Bank USA, N.A.*,
   2018 WL 4636817 (E.D.N.Y. Sept. 26, 2018) .........................................................................7

*Billy v. Consol. Mach. Tool Corp.*,
   51 N.Y.2d 152 (1980) ..............................................................................................................1

*Condor Funding, LLC v. 176 Broadway Owners Corp.*,
   147 A.D.3d 409, 411 (2017) ..................................................................................................10

*Copper Basin Fed. Credit Union v. Fiserv Sols., Inc.*,
   2013 WL 3421916 (Tenn. Ct. App. July 3, 2013) ...................................................................7

*EQT Infrastructure Ltd. v. Smith*,
   861 F. Supp. 2d 220 (S.D.N.Y. 2012) .....................................................................................5

*Golden Archer Invs., LLC v. Skynet Fin. Sys.*,
   2012 WL 123989 (S.D.N.Y. Jan. 3, 2012) ..............................................................................8

*Pandisc Music Corp. v. Red Distribution, LLC*,
   2005 WL 646216 (S.D.N.Y. Mar. 18, 2005) ...........................................................................5

*Pivar v. Graduate Sch. of Figurative Art of the New York Acad. of Art*,
   290 A.D.2d 212 (2002) ............................................................................................................5

*Tillage Commodities Fund, L.P. v. SS&C Techs., Inc.*,
   58 N.Y.S.3d 28 (2017) .............................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 9(b) .........................................................................................................................9

This matter is nothing more than a breach of contract case. Yet the Amended Complaint asserts *fourteen* separate causes of action on behalf of Pirozzi, Inc. and Pirozzi Enterprises (whose funds are not at issue) against CardConnect, LLC and Fiserv, Inc. (who is not a party to the Agreement). As set forth previously, each of Plaintiffs' theories clearly fail as a matter of law and, like the Amended Complaint, Plaintiffs' Opposition to Defendants' Motion to Dismiss relies on nothing more than legal conclusions which the Court should not and cannot accept as true. In reality, Plaintiffs have offered nothing of merit in response to the Motion.

## I. Plaintiffs Have Failed to State A Claim Against Fiserv.

Plaintiffs claim Fiserv is somehow liable under the theory of "apparent authority." (Opp'n 2.) Yet the only allegation pled to support this theory is that CardConnect's website states it is a "payments platform of Fiserv." (Opp'n 3.) This is legally insufficient as Plaintiffs must allege some action on the part of Fiserv to create apparent authority – not action on the part of CardConnect. *Adams v. Labaton, Sucharow & Rudoff LLP*, No. 07 CIV. 7017 (DAB), 2009 WL 928143, at *4 (S.D.N.Y. Mar. 20, 2009) (granting motion to dismiss). Further, Plaintiffs fail to plead that they actually relied on CardConnect's website.

Plaintiffs also contend Fiserv is liable "based on its own involvement in the events at issue." (Opp'n 2.) But again, they rely on an allegation – CardConnect's status as a wholly owned subsidiary of Fiserv – that is insufficient as a matter of law. *Billy v. Consol. Mach. Tool Corp.*, 51 N.Y.2d 152, 163 (1980) ("liability can never be predicated solely upon the fact of a parent corporation's ownership of a controlling interest in the shares of its subsidiary.").

Accordingly, the only remaining basis[1] for their bailment, fraud, conversion, breach of fiduciary duty, negligence, promissory estoppel, money had and received, and aiding and abetting

---

[1] As explained in the Motion and in Section III.B. below, Plaintiffs' privacy notice claims fail.

claims is the allegation that Travis Bellet "falsely promised to return the missing funds to Pirozzi, Inc." (Opp'n 2.) This lone allegation is patently insufficient to state a claim against Fiserv because this alleged statement occurred *after* the events at issue – essentially cutting of Plaintiffs' ability to show the essential elements of reliance or damages. (Am. Compl. ¶¶ 46-48 (alleging Pirozzi left messages with Mr. Bellet through September 5, 2021 and was called sometime thereafter).)

## II. Pirozzi Enterprises Cannot State a Claim.

Pirozzi Enterprises asserts claims for breach of contract (based on the online privacy notices), negligence, and aiding and abetting because it *volunteered* funds to Pirozzi, Inc. (Mot. 4.) Defendants seek dismissal of the breach of contract claim[2] because the Complaint "fails to explain *how* CardConnect and/or Fiserv breached those policies as to *Pirozzi Enterprises*." (Mot. 5.) In response, the Opposition relies on two allegations: (1) "Pirozzi Enterprises was itself a customer of CardConnect / Fiserv"; and (2) Pirozzi Enterprises "relied upon the various promises set forth in Fiserv and CardConnect's privacy policies." (Opp'n 7.) These allegations do not answer the question. Regardless, this argument would mean *any* CardConnect/Fiserv "customer" could bring a claim based on a supposed "breach" of a *different* customer's information. This makes no sense.

## III. Plaintiffs Fail to State a Claim.

Due to the excessive number of claims and Plaintiffs' strategic avoidance of certain arguments, Defendants provide the following chart to facilitate the Court's analysis:

| Claim | Plaintiff | Defendant | Reason for Dismissal |
|---|---|---|---|
| **Breach of Contract** | Pirozzi, Inc. | CardConnect | - Failure to plead performance and breach |
| **Breach of Contract/Promissory Estoppel** (Privacy Policies) | Pirozzi, Inc. Pirozzi Enterprises | CardConnect Fiserv | - Failure to plead consideration and mutual assent<br>- Failure to plead reliance |

---

[2] The Motion also challenges Pirozzi Enterprises's other claims. (Mot. at 4-5.) But the Opposition only specifically addresses Pirozzi Enterprises in the context of the privacy policies. (Opp'n Section II.A.ii.)

| | | | |
|---|---|---|---|
| **Bailment** | Pirozzi, Inc. | CardConnect Fiserv | - Duplicative |
| **Fraud/Fraudulent Inducement** | Pirozzi, Inc. | CardConnect Fiserv | - Duplicative<br>- Failure to plead with requisite particularity |
| **Conversion** | Pirozzi, Inc. | CardConnect Fiserv | - Duplicative |
| **Breach of Fiduciary Duty** | Pirozzi, Inc. | CardConnect Fiserv | - Duplicative<br>- No fiduciary relationship |
| **Indemnification** | Pirozzi, Inc. | CardConnect | - Does not apply to intra-party claims<br>- Only applies to gross negligence or willful misconduct |
| **Negligence/Gross Negligence** | Pirozzi, Inc.<br>Pirozzi Enterprises | CardConnect Fiserv | - Duplicative<br>- Economic Loss Doctrine |
| **Promissory Estoppel** | Pirozzi, Inc. | CardConnect Fiserv | - Duplicative |
| **Money Had and Received** | Pirozzi, Inc. | CardConnect Fiserv | - Barred due to existence of the Agreement |
| **Recission** | Pirozzi, Inc. | CardConnect | - Contradictory<br>- Allegations insufficient to rise to the level of misconduct/breach required |
| **Aiding and Abetting the Commission of a Tort** | Pirozzi, Inc.<br>Pirozzi Enterprises | CardConnect Fiserv | - Failure to plead knowledge of or assistance in fraud |
| **Declaratory Relief** (Limitation of Liability Provision) | Pirozzi, Inc. | CardConnect | - No waiver<br>- Failure to plead conduct that "smacks" of intentional wrongdoing |
| **Unjust Enrichment** | Pirozzi, Inc. | CardConnect | - Duplicative |

### A. Breach of Contract

The Motion argues the breach-of-contract claim must be dismissed because Pirozzi, Inc. failed to plead performance and breach. The Motion then cites specific provisions in the Agreement that expressly require *Pirozzi, Inc.* to secure its own information. (Mot. 6-7.) Yet Pirozzi, Inc. does not allege it did anything to protect its information – even after the first breach. (*Id.* at 8.) In response, Pirozzi, Inc. parrots the Amended Complaint's conclusory allegation that: "Pirozzi, Inc. has duly performed all obligations and satisfied all conditions required of it under

the Agreement, except for those that were waived or excused by CardConnect." (Opp'n 3 (quoting Am. Compl. ¶ 71).) This is plainly insufficient under *Twombly* and *Iqbal*, which explain that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor can a complaint survive if it is based upon "naked assertion[s] devoid of further factual enhancement." *Id.* at 557. Indeed, a court should not consider legal conclusions in determining whether the complaint has stated a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pirozzi, Inc. cannot rely on conclusory and formulaic pleadings – especially in light of contractual terms to the contrary.

### B. Breach of Contract / Promissory Estoppel - Privacy Policies

Count II fails because: (1) "Plaintiffs have completely failed to plead the consideration and mutual assent required to show formation of a contract"; (2) "Plaintiffs make no allegation they were ever aware of the policies prior to filing their Amended Complaint"; and (3) the Agreement expressly "supersedes any previous agreements and understandings," which renders any reliance unreasonable. (Mot. 9-10.) The Opposition does not address any of these arguments. Instead, it cites a healthcare data breach class action suit where none of the above issues were analyzed. (Opp'n at 6 (citing *Wallace v. Health Quest Sys., Inc.*, No. 20-cv-545, 2021 WL 1109727 (S.D.N.Y. Mar. 23, 2021)).)

### C. Bailment

The Motion seeks dismissal of the bailment claim – for failure to return funds – because it is duplicative of Pirozzi, Inc.'s breach-of-contract claim – for failure to return funds. (Mot. 8, n.9.) Plaintiffs do not respond or explain *why* the bailment claim is nonduplicative. Instead, they summarily state that "a 'contracting party may be charged with a separate tort liability arising from a breach of a duty distinct from, or in addition to, the breach of contract.'" (Opp'n 8.) Defendants agree, but Plaintiffs have not explained *why* that should be the outcome in this case especially since

4

the claims are based on identical facts. Plaintiffs further claim: "New York appellate courts routinely allow both contract and bailment claims to proceed simultaneously." (Opp'n at 8.) But the case cited did not analyze whether a bailment claim was duplicative of a breach-of-contract claim. *Pivar v. Graduate Sch. of Figurative Art of the New York Acad. of Art*, 290 A.D.2d 212 (2002). And, again, Plaintiffs fail to address: (1) the District Court of California's prior holding that "Plaintiff's tort claims relate to the Agreement. Indeed, many are directly grounded in the Agreement"; or (2) *Pandisc Music Corp. v. Red Distribution, LLC*, No. 04 CIV. 9365 (GEL), 2005 WL 646216, at *1 (S.D.N.Y. Mar. 18, 2005), which explained: "A bailment is in any event a claim based in express or implied contract. Thus, plaintiffs' [bailment claim is] presumptively duplicative of their contract claim." (Mot. 8-9.)

### D. Conversion

The Motion seeks dismissal of the conversion claim – for failure to return funds – because it is duplicative of Pirozzi, Inc.'s breach-of-contract claim – for failure to return funds. (Mot. 8, n.9.) In response, the Opposition argues the claim should survive because Plaintiffs have alleged an independent duty in the form of bailment. (Opp'n 8.) But, as explained in the previous section, this fails as a matter of law.

### E. Fraud

New York courts have explained: (1) promissory statements of what will be done in the future cannot form the basis for a fraud claim unless the promise was made regarding issues not covered by the contract and with the "preconceived and undisclosed" intention not to perform; while (2) misrepresentations of present facts can constitute fraud. *EQT Infrastructure Ltd. v. Smith*, 861 F. Supp. 2d 220, 233–34 (S.D.N.Y. 2012).

Here, Plaintiffs claim Defendants misrepresented that: (1) "they *would* safely and securely maintain the credit card sale technology"; (2) transfers "*would* be made only to an account number

5

provided by Pirozzi, Inc."; and (3) they *would* return the missing funds. (Opp'n 10-11 (emphasis added).) Each of these constitute a promissory statement of what would be done in the future. In addition, according to Plaintiffs, they were obligations specifically provided for in the contract. (Am. Compl. ¶¶ 67-78.) As such, they cannot form a basis for fraud.

While Plaintiffs claim Defendants misrepresented the sufficiency of their security controls, as the Motion explains (and as Plaintiffs ignore), Plaintiffs failed to plead this with the requisite particularity. (Mot. 11.) The Court should therefore dismiss the fraud claim.

### F. Breach of Fiduciary Duty

Plaintiffs do not dispute "that fiduciary duties do not inhere to most contract relationships." (Opp'n 11.) Instead, they claim Defendants owed a fiduciary duty because they[3] were the "sole exclusive vendor responsible for safeguarding all of Pirozzi, Inc.'s credit card sales." (Opp'n 12.) But they provide no support for this conclusion. Instead, they cite two cases that make no mention of fiduciary duties or a processing relationship. (*Id.* (citing *Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540 (1992); *Kimmell v. Schaefer*, 89 N.Y.2d 257 (1996)).) And they simply ignore the Motion's authority that "a processor is not a fiduciary of a merchant." (Mot. at 12 (citing *Taylor Bldg. Mgmt., Inc. v. Glob. Payments Direct, Inc.*, 866 N.Y.S.2d 96 (Sup. Ct. 2008) (dismissing claim for failure to "plead any facts to demonstrate that the relationship between the parties was one of trust and confidence and not a straightforward business transaction between a credit card processor and a merchant.").).

### G. Indemnification

The Motion argues the indemnification provision only applies in the context of gross negligence or willful misconduct, which Plaintiffs have wholly failed to allege. (Mot. 16.) And the

---

[3] As explained above, Plaintiffs have failed to allege this as to Fiserv, who the Complaint admits was not the party it contracted with for these services. (Am. Compl. ¶ 14.)

6
85134680.8

cases Plaintiff cites are inapposite. *Bessemer Sys. Fed. Credit Union v. Fiserv Sols., LLC*, 472 F. Supp. 3d 142, 164 (W.D. Pa. 2020) (dismissing ordinary negligence claim without leave to amend as barred by the agreement); *Copper Basin Fed. Credit Union v. Fiserv Sols., Inc.*, No. E2012-02145-COA-R3CV, 2013 WL 3421916, at *6 (Tenn. Ct. App. July 3, 2013) (remanding because trial court did not consider whether complaint sufficiently stated claim for gross negligence); *Tillage Commodities Fund, L.P. v. SS&C Techs., Inc.*, 58 N.Y.S.3d 28, 30 (2017) (explaining gross negligence must "smack" of intentional wrongdoing, which was sufficiently pled because administrator allegedly failed to comply with basic cybersecurity precautions, actively disregarded its own policies as well as obvious red flags, and was aware that the transfers would result in near depletion of investment fund's account).

### H. Negligence

Plaintiffs do not respond to the Motion's main argument that their negligence claim is duplicative of their breach of contract claim. (*Compare* Mot. at 8, *with* Opp'n at 14-15.) This alone is sufficient grounds for dismissal. In addition, Plaintiffs' claims are barred by the economic loss doctrine. While Plaintiffs argue the economic loss doctrine only applies in product defect cases, a case cited in the Motion expressly rejected this exact argument:

> Plaintiff attempts to circumvent the limitations of the economic loss doctrine by arguing that it is only applicable to "claims arising out [of] defective products." This argument is inapposite, as the "economic loss" rule applies to negligence claims in New York more broadly. As Plaintiff is attempting to "improperly convert contract claims into tort claims ... a tort action for economic loss will not lie." Accordingly, Plaintiff's negligence claim is dismissed.

*Bibicheff v. Chase Bank USA, N.A.*, No. 217CV4679DRHAYS, 2018 WL 4636817, at *4 (E.D.N.Y. Sept. 26, 2018) (internal citations omitted).

### I. Promissory Estoppel

The Motion seeks dismissal of the promissory estoppel claim – for failure to return funds – because it is duplicative of Pirozzi, Inc.'s breach-of-contract claim – for failure to return funds. (Mot. 8, n.9.) In response, Plaintiffs cite *Icebox-Scoops v. Finanz St. Honore, B.V.*, which held the plaintiff's promissory estoppel claim was not duplicative of its breach-of-contract claim because the plaintiff alleged that the defendants "made specific representations after the execution of the Agreement regarding issues on which the Agreement is silent." 676 F. Supp. 2d 100, 113 (E.D.N.Y. 2009). The same is not true here. In addition, Plaintiffs claim, without any explanation, they are "clearly entitled" to pursue a quasi-contract claim against Fiserv merely because Fiserv is not a party to the Agreement. (Opp'n 16.)

### J. Money Had and Received

The Motion seeks dismissal of the money-had-and-received claim – for failure to return funds – because it is duplicative of Pirozzi, Inc.'s breach-of-contract claim – for failure to return funds. (Mot. 8, n.9.) Plaintiffs do not respond to the duplicative nature of the claims but instead claim they were plead in the alternative. (Opp'n 17-18.)[4] This is not evident from the face of the pleadings.

### K. Recission

The Opposition asserts two insufficient bases for rescission. First, Pirozzi, Inc. claims CardConnect fraudulently induced it to enter into the Agreement. (Opp'n 18-19.) But again, Plaintiffs have not pled these allegations with the requisite particularity. *Golden Archer Invs., LLC v. Skynet Fin. Sys.*, No. 11 CIV. 3673 RJS, 2012 WL 123989, at *7 (S.D.N.Y. Jan. 3, 2012) (finding

---

[4] As to Fiserv, Plaintiffs' claims rely on an "agency" relationship, which, as explained above, fails as a matter of law. (Opp'n 18.)

85134680.8

the plaintiff failed to state a claim for fraudulent inducement because it was not pled with particularity as required under Rule 9(b)).

Second, Pirozzi, Inc. claims the agreement should be rescinded because CardConnect failed to return the funds. In doing so, Pirozzi, Inc. fails to respond to the fact that it *admits* to CardConnect's performance from November of 2020 to August of 2021 and that courts have refused to rescind contracts where a mere 26% of the amounts due were paid. (Mot 13-14.)

Third, while Plaintiffs claim they plead rescission in the alternative, that is not evident from the pleadings.[5] Instead, they seek to simultaneously rescind and enforce the Agreement.

### L. Unjust Enrichment

The Opposition states: "[t]he benefits sought to be recovered include overpayments made to Defendants for credit card processing services *deficiently performed under a contract*. . . ." (Opp'n 24 (emphasis added).) In doing so, Plaintiffs admit this claim is duplicative.

### M. Aiding and Abetting

As Plaintiffs admit, the elements required for aiding and abetting include "defendant's knowledge of the fraud." (Opp'n 20 (emphasis added).) Yet, even on Opposition, Plaintiffs still fail to explain how the Amended Complaint alleges "knowledge of the fraud." Instead, they claim Defendants had knowledge "their systems could be hacked."[6] (Opp'n 20.) This is insufficient.

### N. Declaratory Relief (Limitation of Liability)

CardConnect claims Defendants waived the limitation of liability provision because (allegedly) they promised to return the funds. But these allegations fall short of being voluntary and intentional – especially considering the Agreement contemplated any amendments would be

---

[5] The same is true of the claims for promissory estoppel and money had and received.
[6] The Court should disregard Plaintiffs' reliance on Fiserv's SEC filing as it is outside the pleadings, is meant to inform the investing public of potential risks, and does nothing to prove Defendants failed to provide proper security.

9

in writing. (ECF No. 23-1 § 45.7.) As the Motion explains: "Plaintiffs' allegations that CardConnect employees – in the course of dealing with an upset customer complaining about missing funds – purportedly represented the funds would be returned cannot be said to be 'voluntary and intentional' on the employees' part – let alone CardConnect's." (Mot 17.) Again, the Opposition completely fails to respond. And the cases Plaintiff relies upon are inapposite. For example, *Condor Funding, LLC v. 176 Broadway Owners Corp.* explained that "Waiver is an intentional relinquishment of a known right and should not be lightly presumed" and only found there was an issue of fact because the plaintiff failed to object after the defendant's "repeated warnings that the covenant would be terminated." 147 A.D.3d 409, 411 (2017). Regardless, the Opposition fails to explain how the Amended Complaint pleads conduct that "smack[s] of intentional wrongdoing" – as required to avoid the provision.

As to Fiserv, the Opposition again simply ignores a damning point: the Central District of California has already applied provisions of the Agreement to Fiserv. (Mot. 18.)

## IV. CONCLUSION

Plaintiffs' claims are legally insufficient. For the reasons set forth herein and in the Motion to Dismiss, the Court should grant this motion and dismiss Plaintiffs claims in their entirety.

Dated: September 16, 2022        POLSINELLI PC

*[signature]*

John W. Peterson (#5394200)
401 Commerce Street, Suite 900
Nashville, TN 37219
Phone: (615) 259-1510
Fax: (615) 259-1573
jpeterson@polsinelli.com

*Attorney for Defendants*

10

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via ECF and electronic mail on all counsel of record this 16th day of September, 2022.

*/s/ John W. Peterson*
Attorney for Defendants