UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEF ALESSANDRO PIROZZI, INC., and PIROZZI ENTERPRISES, LLC,<br><br>    *Plaintiffs*,<br><br>v.<br><br>CARDCONNECT, LLC and FISERV, INC.,<br><br>    *Defendants*. | No. 2:22-cv-00902-DG-SIL |

### CARDCONNECT, LLC'S AND FISERV, INC.'S OBJECTIONS TO REPORT AND RECOMMENDATION

CardConnect, LLC ("CardConnect") and Fiserv, Inc. (collectively "Defendants") respectfully object to the Report and Recommendation (the "Report", ECF No. 44) granting in part and denying in part Defendants' Motion to Dismiss (the "Motion", ECF No. 35).

Defendants' Motion argued that Chef Alessandro Pirozzi, Inc.'s ("Pirozzi") breach-of-contract claim against CardConnect should be dismissed because Pirozzi failed to allege performance and breach. (Motion at Section II.C.1.) The Report finds that Pirozzi sufficiently alleged "performance under the Agreement" because Pirozzi alleges "it provided CardConnect with bank account information and did not make any changes to that information prior to August 2021." (Report at 11-12.) But the Agreement required Pirozzi to do much more than simply provide CardConnect with bank account information and not change that information.

As Defendants' Motion explains, the Agreement expressly requires Pirozzi to *secure* its own account information:

> **Security of Information.** We will use commercially reasonable efforts to maintain the security of the Services and the Platform. ***You will use commercially reasonable efforts to maintain the security of Your Systems***. Such steps by you will be taken at your sole cost and expense, and shall include, without limitation: (i) creating firewalls to protect against unauthorized access to Your Systems by

91051990.2

your employees, contractors, Customers, or by any other person; and (ii) implementing reasonable protective techniques suggested by us. You further agree that you will be bound by and comply with all of our and all Card Organization security rules and regulations as they now exist or as each may be amended or supplemented from time to time. Notwithstanding the foregoing, the parties recognize that there is no guarantee or absolute security of information that is communicated over the internet.

(Program Guide § 39.6 (emphasis added); s*ee also id.* § 5.) It further warns:

> ***You acknowledge and agree that transfers to and from the Settlement Account shall be based on the account number and routing number supplied by you. We are not responsible for detecting errors in any Settlement Account information you provide*,** including the account numbers and routing numbers, even if any of those numbers do not correspond to the actual account or financial institution identified by name.
>
> . . . .
>
> **YOU ARE RESPONSIBLE FOR SECURING YOUR POS DEVICES AND FOR IMPLEMENTING APPROPRIATE CONTROLS TO PREVENT EMPLOYEES OR OTHERS FROM SUBMITTING CREDITS AND VOIDS THAT DO NOT REFLECT BONA FIDE RETURNS OR REIMBURSEMENTS OF PRIOR TRANSACTIONS.**

(Program Guide §§ 23.6 (emphasis added), 35.2.)

Accordingly, the Agreement makes clear the very contractual duty Pirozzi alleges CardConnect breached was not CardConnect's duty at all. Rather, the Agreement expressly provided *Pirozzi* had an obligation to secure its own account information. And Pirozzi admits it failed to do so.

Pirozzi admits its bank account information was changed and provided by some third party who "would need to provide particular security information." (Am. Compl. ¶¶ 17, 29.) Pirozzi does not allege it did anything to investigate how the "particular security information" was compromised and, specifically, whether it investigated or attempted to remedy any security issues on its end. Instead, Pirozzi just points the finger at Defendants. Significantly, after the first unauthorized change, Pirozzi was on notice its information was compromised. Yet Pirozzi does

2

not allege it did anything to change its "security information" or otherwise prevent the alleged third-party fraudster from effectuating further changes. (*See generally id.*) As a result, Pirozzi has not, and cannot, alleged a proper cause of action for breach of contract.

For the forgoing reasons, Defendants respectfully requests the Court reject Section III.B of the Report and Recommendation.

Dated this 1st day of September, 2023

        Respectfully submitted,

        POLSINELLI PC

        By: */s/ John Peterson*
        John W. Peterson (#5394200)
        401 Commerce Street, Suite 900
        Nashville, TN  37219
        john.peterson@polsinelli.com
        (615) 259-1510

        Matthew S. Knoop (*pro hac vice*)
        POLSINELLI P.C.
        1201 West Peachtree Street, Suite 1100
        Atlanta, GA 30309
        MKnoop@polsinelli.com
        (404) 253-6000
        *Attorneys for Defendants CARDCONNECT, LLC and FISERV, INC*.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this day I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

                                              */s/ John W. Peterson*
                                              John W. Peterson

91051990.2