UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

CHEF ALESSANDRO PIROZZI, INC.
and PIROZZI ENTERPRISES, LLC,

                                    *Plaintiffs,*

                                                        Case No. 2:22-cv-00902-DG-AYS

                    *vs.*

CARDCONNECT, LLC and FISERV, INC.,

                                    *Defendants.*

**PLAINTIFFS' RESPONSE TO
CARDCONNECT, LLC'S AND FISERV, INC.'S OBJECTIONS TO
REPORT AND RECOMMENDATION**

        CHEF ALESSANDRO PIROZZI, INC. ("Pirozzi") and PIROZZI ENTERPRISES, LLC

("Plaintiffs"), for their response to the objections (the "Objections", ECF No. 52) set forth by

CardConnect, LLC ("CardConnect") and Fiserv, Inc. ("Defendants") to the Report and

Recommendation (the "Report", ECF No. 44) granting in part and denying in part Defendants'

Motion to Dismiss (the "Motion", ECF No. 35), state as follows:

        Pirozzi, Inc. specifically alleges its sufficient performance of the Agreement: "Pirozzi,

Inc. has duly performed all obligations and satisfied all conditions required of it under the

Agreement, except for those that were waived or excused by CardConnect." (Amended

Complaint ("Am. Compl.") ECF Doc 23, ¶ 71).  In addition, as specifically cited in the Report,

Plaintiffs also plead specific facts that it complied with the terms of the contract, namely that

Pirozzi "provided a particular Bank of America bank account to receive transfers from

CardConnect . . ."  and that at no time prior to August 2021 did Pirozzi "make any changes to

that information."  (Am. Compl., ¶¶ 17, 21; Report, 12.)  These allegations as plead in the

Amended Complaint are more than sufficient to meet Plaintiffs' burden as to performance under

the contract.

In response to these well-pleaded factual allegations, which must be accepted as true, Defendants cobble together a sharply disputed, fact-based defense for dismissal. Without any grounding in the pleadings or evidence, Defendants speculate that Plaintiffs' "failure to secure its own account information" caused the security breach. Defendants offer no evidentiary support for this, resting their theory only on contract snippets regarding Pirozzi, Inc.'s obligation to safeguard its account information. All along, Defendants ignore their own obligations. These contract snippets do not remotely establish that the hack resulted from Plaintiffs' conduct, as opposed to Defendants' own failure to safeguard Plaintiffs' information and funds.

Importantly, Section 39.6 of the contract obligates CardConnect to "use commercially reasonable efforts to maintain the security of the Services and the Platform." (Am. Compl., Ex. A at ECF PageID #121.)  Plaintiffs have more than adequately alleged that Defendants failed to use commercially reasonable efforts to maintain the security of the Services and the Platform. Indeed, the Amended Complaint alleges that Defendants—not Plaintiffs'—are culpable for taking Pirozzi's funds for themselves or transferring them to an unauthorized party.  (Am. Compl., ¶¶ 15-24; 40-42).  Defendants' rank speculation in its motion papers that the security breach was somehow caused by Plaintiffs' own failure to "use commercially reasonable efforts to maintain the security of [Plaintiffs'] Systems" is wholly unsubstantiated—it is not established by the Complaint's allegations, let alone any evidence. Instead, it is a mere disputed, fact-based defense.

Further, contrary to Defendants' contention, Pirozzi, Inc. does not admit it failed to maintain the security of its own accounts. Rather, Pirozzi, Inc. specifically alleges that it did not at any time make any changes to its account information. (Am. Compl., ¶¶ 22, 31, 40-42).

Defendants insist that because Plaintiffs allege that its bank account information was changed by an unauthorized party who "would need to provide particular security information," this Court should draw inferences in favor of the Defendants' theory (see Objections at 2-3), namely, that Pirozzi, Inc. was somehow responsible for giving that information to the third party.  But Defendants completely ignore Plaintiffs allegations— which again, must be accepted as true and afforded every favorable inference—that it was Defendants' inadequate security controls that allowed the unauthorized party to hack into Defendants' systems and steal Pirozzi, Inc.'s funds. (Am. Compl., ¶¶ 20, 72-77, 147-148).

Accordingly, Plaintiffs contend that the Report properly found that Plaintiffs have sufficiently plead the allegations of Pirozzi's breach of contract claim, and that the Report should thus be accepted and adopted by the Court.

Dated: September 29, 2023

COX PADMORE SKOLNIK & SHAKARCHY LLP

By: _____
     Ralph N. Gaboury, Esq.

630 Third Avenue, 23rd Floor
New York, New York 10017
Phone: (212) 953-6633
Fax:    (212) 949-6943
E-Mail: gaboury@cpsslaw.com

*Attorneys for Plaintiffs*